UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SENSITECH INC. and DONALD W. BERRIAN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TIME & TEMPERATURE COMPANY d/b/a TIME 'N TEMPERATURE CORPORATION | ) ) ) ) |
| Defendant. | ) ) ) |

Case No. 04-11483 (MLW)

**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY ON OR BEFORE SEPTEMBER 10, 2004**

Plaintiffs Sensitech Inc. and Donald W. Berrian hereby respectfully object to Defendant's Motion for Leave to File a Reply ("Motion for Leave") to the extent it seeks until September 10, 2004 to do so. For the reasons that follow, plaintiffs instead submit that Defendant be required to file any Reply no later than Friday, September 3, 2004.[1]

After obtaining a two-week extension of time to respond to the Complaint, Defendants filed their Motion to Dismiss for lack of Personal Jurisdiction or, in the Alternative, to Transfer on August 23, 2004. Seeking to resolve these threshold issues promptly, plaintiffs filed their opposition 14 days later, on August 23, 2004. After waiting seven days, on August 30, 2004,

---

[1] Plaintiffs note with surprise the statements made in defendant's Local Rule 7.1(A)(2) Certification, claiming a "good faith effort" to confer and narrow this issue. (See Motion for Leave, at 2.) Defendant's Counsel left a voicemail message at 2:30 pm yesterday, but when Plaintiffs' Counsel returned the call at 4:00 pm Defendants' Counsel already had a date-stamped file copy back from the Court.

71246676_1.DOC

defendant Time & Temperature Company ("TnT") filed its Motion for Leave, without attaching a proposed Reply and instead asking for permission to file its reply on or before September 10th.

TnT does not provide any specifics justifying three weeks to prepare and file a Reply other than stating that plaintiffs' opposition raises "several new facts" and that "a brief reply will be useful to the Court." (<u>Motion for Leave</u>, at 1.)  There, in actuality, should be no reason necessitating this amount of time to reply, given that plaintiffs' opposition focuses on TnT's own purposeful activities directed toward Massachusetts, facts that are within TnT's knowledge and control.  Indeed, the only reason plaintiffs' opposition raised these "new facts" was TnT's failure to mention them in its moving papers in the first place.

TnT's request for the Court to delay acting on TnT's own motion appears aimed at gaining a perceived strategical advantage on the transfer issue, by delaying activity in this action in the hopes of allowing the pleadings in TnT's later-filed action in California to catch up to this first-filed case.  Requiring TnT instead to submit any Reply by September 3rd mitigates this danger, while still permitting TnT eleven full days to prepare its responsive arguments.

Plaintiffs do not object to TnT's request to file a Reply Brief.  For the foregoing reasons, however, plaintiffs object to TnT's request to file it on or before September 10th and instead ask that TnT reply no later than September 3rd.

Respectfully submitted,

SENSITECH, INC. and DONALD W. BERRIAN

By their attorneys,

    /s/    John T. Gutkoski
John T. Gutkoski  (BBO# 567182)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA  02110-3179
Telephone:  (617) 345-4600
Fax:  (617) 345-4745

Of Counsel:

Matthew J. Becker
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Fax: (203) 275-0343

Catherine Dugan O'Connor
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901-2047
Telephone: (203) 977-7538
Fax:  (203) 977-7301

### CERTIFICATE OF SERVICE

I, John T. Gutkoski, do hereby certify that I have served the foregoing by causing copies to be electronically served on Thomas C. O'Konski, Esq., Cesari and McKenna, LLP, 88 Black Falcon Avenue, Boston, Massachusetts 02210 on this 31st day of August, 2004.

    /s/    John T. Gutkoski
John T. Gutkoski

71246676_1.DOC

-4-