IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 SEP 27  P 4: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| SENSITECH INC. AND DONALD W. BERRIAN )<br><br>Plaintiff, )<br><br>v. )<br><br>TIME & TEMPERATURE COMPANY, d/b/a TIME 'N TEMPERATURE CORPORATION )<br><br>Defendant. ) | Civil Action No. 04-11483 (MLW) |

## REPLY TO PLAINTIFFS' SURREPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Sensitech appears unable to accept the fact that Time 'N Temperature is a very small company with near infinitesimal sales in Massachusetts, and therefore has filed its Surreply in yet a further attempt to "trump up," by way of mischaracterization, the company's minimal contacts with forum—not to mention drain the financial resources of the company and the energy of its 80 year-old president (*see*, Phole Decl. of Sept. 9, 2004, ¶ 3).

## THE ALLEGED SALES

Sensitech claims that: "[Time 'N Temperature] now concedes that over the past seven years it has sold 2300 accused products into, or for use in, the Commonwealth of Massachusetts, (*see* Surreply, ¶ 1.)" This is a blatant mischaracterization. As Time 'N Temperature has fully described (*see,* Reply, pp. 5-7, Phole Decl. of Sept. 9, 2004, ¶¶ 11, 17), the 2300 allegedly infringing recorders sold over the last seven years (or about 329 recorders per years) were sold to produce shippers *in California* and later appeared in Massachusetts as a matter of happenstance. As Time 'N Temperature explained (*see*, Reply at 6, Phole Decl. ¶ 17), during the peak shipping season for perishable foods in California, shippers of produce cannot always find the Sensitech

brand recorders specified by Massachusetts grocery stores and in such instances will use whatever recorders are available rather than let the shipment spoil. (Phole Decl. of Sept. 9, 2004, ¶ 17.) A few of these, i.e. about 329 per year (out of the 70,000 recorders destined for the forum each year), happen to be Time 'N Temperature's recorders. *Id.*

Over the last seven years about 490,000[1] recorders have been placed upon perishable foods shipments destined for Massachusetts. (Phole Decl. of Sept. 9, 2004, ¶ 16). Of these 490,000 recorders destined for the forum, a mere 2300 have been Time 'N Temperature brand recorders, or less than ½ of 1% of the recorders that arrived in Massachusetts over this seven year period. Moreover, as stated above, these few Time 'N Temperature recorders that did ultimately arrive in the forum were not the result of direct sales to the forum, but rather were *sold at the point of origin in California.* (Phole Decl. of Sept. 9, 2004, ¶ 11). These recorders, sold in California, cannot be said to have been purposefully directed towards the forum because they could have arrived in any Mid-Western or East Coast state. These de minimis indirect sales which occur as a matter of happenstance, cannot, as a matter of fundamental fairness, be deemed sufficient to require Time 'N Temperature to be haled into a forum 3000 miles distant from its home.

## THE ALLEGED DIRECT ACCOUNTS

Once again Sensitech is attempting to create an illusion of a substantial number of direct sales arrangements between Time 'N Temperature and Massachusetts grocery stores by alleging: "Significantly, [Time 'N Temperature] does not deny what its own documents evidence (citations omitted) – that whether or not they remain as numerous today, [Time 'N Temperature] has maintained several accounts in Massachusetts for the purchase and use of its infringing temperature monitors." (*See*, Surreply, ¶ 2.) This is simply not correct. Time 'N Temperature expressly and unequivocally denied having direct sales arrangements with any Massachusetts supermarket chain, with the possible exception of Alphas Chelsea. (*See,* Reply, pp. 4-5, Phole Decl. of Sept. 9, 2004, ¶13 ("*At present, Time 'N Temperature has no direct arrangements or*

---

[1] Over the last seven years the total number of recorders produced by all manufacturers that were destined for Massachusetts is estimated to be about 490,000 recorders. *See,* Phole Decl. ¶ 16.

*accounts with any Massachusetts supermarket chain or other receiver of perishable foods, with the possible exception of Alphas Chelsea-MA.* ").

Time 'N Temperature further explained that with respect to Alphas Chelsea, that store had agreed to allow its shippers to use Time 'N Temperature's recorders (*see,* Phole Decl. of Sept. 9, 2004, ¶ 13; *see also* Reply at 5 and fn. 4) and as a result, the company receives on an irregular basis returned recorders from Alphas Chelsea which average about 8 recorders per month. *Id.* The agreement was non-exclusive. *Id.*

Also, in its Opposition, Sensitech specifically alleged that Time 'N Temperature had ongoing direct arrangements with Alphas Chelsea-MA, Big Y Food-MA, C&S Wholesale-MA, Community Suffolk-MA and Shaw's supermarkets (*see,* Opposition, p. 4), and now further alleges that: "[Time 'N Temperature's] papers are notably silent regarding Sensitech's allegations about [Time 'N Temperature's] relationships with other Massachusetts-based supermarket chains, and such uncontested allegations must be taken as true for purposes of this motion." (*See,* Surreply, ¶ 2). Yet again, Sensitech sets forth an incorrect allegation as if it were fact.

Time 'N Temperature expressly and unequivocally denied having direct sales arrangements with Big Y Food-MA, C&S Wholesale-MA, Community Suffolk-MA and Shaw's supermarkets. (*See,* Reply, pp. 4-5; Phole Decl. of Sept. 9, 2004, ¶ 13 ("*In particular, Time 'N Temperature does not have any ongoing relationships or accounts with the following Massachusetts companies: Big Y Food-MA, C&S Wholesale-MA, Community Suffolk-MA and Shaw's supermarkets, as alleged by Sensitech.*")

## THIS CASE SHOULD BE DISMISSED OR TRANSFERRED

Despite Sensitech's continued attempts to make Time 'N Temperature's minimal contacts with the forum appear greater than they are, the company's few contacts may essentially be summarized as follows: (1) the company has one relationship with a Massachusetts grocery store, i.e. the aforementioned irregular relationship with Alphas Chelsea (Phole Decl. of Sept. 9, 2004, ¶ 13); (2) a total of about 329 of the company's recorders per year (all originally sold in California) eventually make their way into the forum (i.e. only a mere 329 of the 70,000

3

recorders per year used in the forum are Time 'N Temperature's recorders) (Phole Decl. of Sept. 9, 2004, ¶ 16); (3) in years past the company has made sporadic and unsuccessful attempts to market its products in the forum (Phole Decl. of Sept. 9, 2004, ¶¶ 15, 18 and 24); and (4) over the past seven years Time 'N Temperature has directly sold about $9400 of products of all types in the forum (Phole Decl. of August 6, 2004, ¶ 33). In view of these sparse contacts, it would be unreasonable for this court to exercise jurisdiction. Alternatively, should the court choose to exercise jurisdiction, the court should transfer this case to the Central District of California where the vast majority of the actual sales of the allegedly infringing products take place.

Time 'N Temperature would further note that Sensitech has retained the law firm of Latham & Watkins in Los Angeles to represent its interests in Case No. CV 04-6553 presently pending in the Central District of California. Sensitech has now filed an answer in that case and rather then file a motion to dismiss for lack of jurisdiction, merely filed a motion to transfer venue. Sensitech has admitted that it maintains offices in Fresno, Davis and Upland, California (*see*, Dirubio Decl. ¶ 25) and more particularly conducts business in the Central District.

In view Sensitech's substantial presence in California, apparent vast financial resources and its prior aggressive attempts to purchase Time 'N Temperature, (including threats of driving the company out of business through below cost pricing (*see*, Phole Decl. of August 6, 2004, ¶ 12-13), allegations which notably remain uncontested by Sensitech and therefore must be taken as true), and further in view of its filing of the this lawsuit when those attempts proved unsuccessful, the balance of the equities and the interests of justice demand that this case be dismissed or transferred to the Central District of California. A true and correct copy of Sensitech's answer to Time 'N Temperature's complaint in Case No. CV 04-6553 presently pending in the Central District of California is attached as Exhibit "A" to this reply.

Respectfully submitted,

CESARI AND McKENNA, LLP

Dated: September 27, 2004

Thomas C. O'Konski BBO #377475
Attorneys for Defendant,
Time 'N Temperature Company
88 Black Falcon Avenue
Boston, MA 02210
(617) 951-2500

Of Counsel:

Daniel M. Cislo, Esq., CA Bar No. 125,378
David B. Sandelands, Esq., CA Bar No. 198,252
CISLO & THOMAS LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401
Telephone: 310-451-0647
Facsimile: 310-394-4477

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Reply to Plaintiffs' Surreply is being deposited with the United States Postal Service on September 27, 2004, in an envelope addressed to counsel for plaintiff, Sensitech Inc. and Donald W. Berrian:

John T. Gutkoski
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA  02110-3179

Matthew J. Becker
Day, Berry & Howard LLP
CityPlace I
Hartford, CT  06103-3499

Catherine Dugan O'Connor
Day, Berry & Howard LLP
One Cantebury Green
Stamford, CT  06901-2047

Exhibit A

MLW v1751 LEGAL P/N 29-0015   v261 v   REVISED

1  LATHAM & WATKINS LLP
      Daniel M. Wall (Cal. Bar No. 102580)
2     Belinda S Lee (Cal. Bar No. 199635)
   633 West Fifth Street, Suite 4000
3  Los Angeles, California 90071-2007
   Telephone: (213) 485-1234
4  Facsimile: (213) 891-8763

5  Attorneys for Defendant Sensitech, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  TIME 'N TEMPERATURE              CASE NO. CV04-6553 WJR (PLAx)
    COMPANY,
12                                   SENSITECH, INC.'S ANSWER AND
                 Plaintiff,          AFFIRMATIVE DEFENSES
13
        v.
14
    SENSITECH, INC.; Donald W.
15  Berrian; and Does 1 through 9,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

Defendant Sensitech, Inc. ("Sensitech"), for its Answer and Affirmative Defenses, hereby states as follows:

## ANSWER
### JURISDICTION AND VENUE

1.      Sensitech denies it has committed any violations of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§1 and 2).  As to the remaining allegations of paragraph 1, the Complaint speaks for itself and requires no response from Sensitech.

2.      As to the allegation that "the amount in controversy exceeds $75,000.00, exclusive of interest and costs," Sensitech has insufficient knowledge upon which to form a belief and leaves the plaintiff to its proof.  The remaining allegations of paragraph 2 state legal conclusions and require no response by Sensitech.

3.      Sensitech admits that it conducts business with entities located in various states of the United States.  Except as expressly so admitted, the remaining allegations of paragraph 3 are denied.

4.      Sensitech admits that it is licensed to do business in the State of California, maintains a facility in Fresno, California, and conducts business in this judicial district.  The remaining allegations of paragraph 4 are denied.

### THE PARTIES

5.      Sensitech admits the allegations of the first sentence of paragraph 5.  Sensitech further admits that Time 'N Temperature sells temperature recording devices that are used at least by produce shippers to monitor the in-transit temperature of perishable foods shipped from California to other states and particularly the East Coast.  As to the remaining allegations of paragraph 5, Sensitech has insufficient knowledge upon which to form a belief and leaves the plaintiff to its proof.

6.    Sensitech denies that it has "major operations in Fresno, California among other locations." The remaining allegations of paragraph 6 are admitted.

7.    The allegations of paragraph 7 are admitted.

8.    Sensitech denies the allegations of the second sentence of paragraph 8. As to the remaining allegations of paragraph 8, Sensitech has insufficient knowledge upon which to form a belief and therefore leaves the plaintiff to its proof.

9.    Sensitech denies the allegations of paragraph 9.

10.   Sensitech denies the allegations of paragraph 10.

## SUMMARY OF THE CLAIMS

11.   As to the allegations of paragraph 11, the Complaint speaks for itself and requires no further response by Sensitech. Sensitech denies that it committed any of the acts set forth in paragraph 11.

12.   As to the allegations of paragraph 12, the Complaint speaks for itself and requires no response by Sensitech. Sensitech denies, however, that U.S. Patent Nos. 5,515,848 and Re. 36,200 are invalid and/or unenforceable.

13.   Sensitech denies the allegations of paragraph 13.

## FACTUAL ALLEGATIONS

14.   The allegations of the second, third and fourth sentences of paragraph 14 are admitted. As to the remaining allegations of paragraph 14, Sensitech has insufficient knowledge upon which to form a belief and therefore leaves the plaintiff to its proof.

15.   Sensitech denies that "Time 'N Temperature introduced three highly innovative designs." As to remaining allegations of paragraph 15, Sensitech has insufficient knowledge upon which to form a belief and leaves the plaintiff to its proof.

16.   Sensitech admits that the process alleged in paragraph 16 is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1319397.3

2

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

1    employed in the in-transit perishable product shipping business.  As to the

2    remaining allegations of Paragraph 16, Sensitech has insufficient knowledge upon

3    which to form a belief and leaves the plaintiff to its proof.

4              17.    As to the allegations of paragraph 17, Sensitech has insufficient

5    knowledge upon which to form a belief and therefore leaves the plaintiff to its

6    proof.

7              18.    As to the allegations of paragraph 18, Sensitech has insufficient

8    knowledge upon which to form a belief and therefore leaves the plaintiff to its

9    proof.

10             19.    Sensitech denies the allegations of paragraph 19.

11             20.    Sensitech denies the allegations of paragraph 20.

12             21.    Sensitech admits that, in approximately August of 2000, it

13   acquired certain assets of Ryan.   Except as expressly so admitted, Sensitech denies

14   the remaining allegations of paragraph 21.

15             22.    Sensitech admits that it has filed patent infringement lawsuits

16   against Marathon and Cox.  Sensitech denies the remaining allegations of

17   paragraph 22.

18             23.    Sensitech denies the allegations of paragraph 23.

19             24.    Sensitech admits that it sent letters to Time 'N Temperature in

20   January, 2001 and February, 2001, and that Time 'N Temperature subsequently

21   sent a letter to Sensitech.  Those letters speak for themselves.  Except as expressly

22   so admitted, Sensitech denies the remaining allegations of paragraph 24.

23             25.    Sensitech admits that it sent a letter to Time 'N Temperature in

24   approximately May of 2002, which speaks for itself.  Except as expressly so

25   admitted, Sensitech denies the remaining allegations of paragraph 25.

26             26.    Sensitech admits that Time 'N Temperature offered to sell its

27   assets to Sensitech and that Sensitech rejected Time 'N Temperature's offer.

28   Sensitech further admits that it sent a letter to Time 'N Temperature dated May 24,

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

LA\1319397.3

3

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

1    2002, which speaks for itself. Except as expressly so admitted, Sensitech denies
2    the remaining allegations of paragraph 26.

3          27.    Sensitech admits that it has had no direct business dealings with
4    Time 'N Temperature since approximately mid 2002. Except as expressly so
5    admitted, Sensitech denies the remaining allegations of paragraph 27.

6          28.    Sensitech admits that Time 'N Temperature has introduced an
7    electronic temperature monitor under the name "QC-MAX." As to the remaining
8    allegations of paragraph 28, Sensitech has insufficient knowledge upon which to
9    form a belief and leaves the plaintiff to its proof.

10          29.    Sensitech denies the allegations of the first sentence of
11    paragraph 29. As to the remaining allegations of paragraph 29, Sensitech has
12    insufficient information upon which to form a belief and leaves the plaintiff to its
13    proof.

14          30.    Sensitech admits that on June 30, 2004, it filed a patent
15    infringement lawsuit (Case No. 04-11483MLW, D. Mass.) for Time 'N
16    Temperature's infringement of U.S. Patent No. Re. 36,200. Except as expressly so
17    admitted, Sensitech denies the remaining allegations of paragraph 30.

18          31.    As to the allegations of paragraph 31, Sensitech has insufficient
19    knowledge upon which to form a belief and leaves the plaintiff to its proof.

20          32.    Sensitech denies the allegations of paragraph 32.

21          33.    Sensitech denies the allegations of paragraph 33.

22          34.    Sensitech admits that Donald W. Berrian is a named inventor
23    on the '848 and '200 patents and that certain information regarding a Ryan Data
24    Logger was disclosed to the United States Patent and Trademark Office in
25    connection with the prosecution of the '848 and '200 patents. Except as expressly
26    so admitted, Sensitech denies the remaining allegations of paragraph 34.

27          35.    Sensitech denies the allegations of paragraph 35.

28          36.    Sensitech denies the allegations of paragraph 36.

37.    Sensitech denies the allegations of paragraph 37.

## FIRST CAUSE OF ACTION

38.    Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.    Sensitech denies the allegations of paragraph 39.

40.    Sensitech denies the allegations of paragraph 40.

41.    Sensitech denies the allegations of paragraph 41.

## SECOND CAUSE OF ACTION

42.    Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.    Sensitech denies the allegations of paragraph 43.

44.    Sensitech denies the allegations of paragraph 44.

45.    Sensitech denies the allegations of paragraph 45.

46.    Sensitech denies the allegations of paragraph 46.

47.    Sensitech denies the allegations of paragraph 47.

## THIRD CAUSE OF ACTION

48.    Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.    Sensitech denies the allegations of paragraph 49.

50.    Sensitech denies the allegations of paragraph 50.

51.    Sensitech denies the allegations of paragraph 51.

52.    Sensitech denies the allegations of paragraph 52.

53.    Sensitech denies the allegations of paragraph 53.

54.    Sensitech denies the allegations of paragraph 54.

## FOURTH CAUSE OF ACTION

55.    Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.    Sensitech denies the allegations of paragraph 56.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1319397.3

5

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

57.   Sensitech denies the allegations of paragraph 57.

58.   Sensitech denies the allegations of paragraph 58.

## FIFTH CAUSE OF ACTION

59.   Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60.   Sensitech denies the allegations of paragraph 60.

61.   Sensitech denies the allegations of paragraph 61.

62.   Sensitech denies the allegations of paragraph 62.

## SIXTH CAUSE OF ACTION

63.   Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64.   Sensitech denies the allegations of paragraph 64.

65.   Sensitech denies the allegations of paragraph 65.

66.   Sensitech denies the allegations of paragraph 66.

67.   Sensitech denies the allegations of paragraph 67.

68.   Sensitech denies the allegations of paragraph 68.

69.   Sensitech denies the allegations of paragraph 69.

70.   Sensitech denies the allegations of paragraph 70.

## SEVENTH CAUSE OF ACTION

71.   Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.   Sensitech admits that Sensitech and Donald Berrian have accused Time 'N Temperature of infringing U.S. Patent No. Re. 36,200 in Case No. 04-11483MLW (D. Mass.). Except as expressly so admitted, Sensitech denies the remaining allegations of paragraph 72.

73.   Sensitech denies the allegations of paragraph 73.

74.   Sensitech denies the allegations of paragraph 74.

75.   Sensitech denies the allegations of paragraph 75.

LATHAM•WATKINS™
ATTORNEYS AT LAW
LOS ANGELES

LA\1319397.3

6

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

76.    Sensitech denies the allegations of paragraph 76.

## EIGHTH CAUSE OF ACTION

77.    Sensitech realleges and incorporates by reference its responses to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78.    Sensitech admits that Sensitech and Donald Berrian have brought an action against Time 'N Temperature for its infringement of U.S. Patent No. Re. 36,200 in Case No. 04-11483MLW (D. Mass.).  Except as expressly so admitted, Sensitech denies the remaining allegations of paragraph 78.

79.    Sensitech admits that plaintiff has denied infringement of U.S. Patent Nos. 5,313,848 and Re. 36,200.  Except as expressly so admitted, Sensitech denies the remaining allegations of paragraph 79.

80.    Sensitech denies the allegations of paragraph 80.

81.    Answering plaintiff's Prayer for Relief, Sensitech denies that plaintiff is entitled to any of the relief sought or described in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Sensitech alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Second, Seventh, and Eighth Causes of Action, and each of them, fail due to this Court's lack of personal jurisdiction over named defendant Donald W. Berrian.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims, in whole or in part, fail for improper venue.

LATHAM•WATKINS᠁
ATTORNEYS AT LAW
LOS ANGELES

LA\1319397.3

7

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

## FOURTH AFFIRMATIVE DEFENSE

The Second, Seventh, and Eighth Causes of Action, and each of them, are barred due to plaintiff's failure to join an indispensable party.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims, in whole or in part, should not proceed in this Court because it is an inconvenient venue.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, because the alleged conduct on which they are based is protected conduct that cannot form the basis of a claim under the Sherman Act, pursuant to, *inter alia*, the Noerr-Pennington doctrine and/or First Amendment protections and immunities.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing to bring the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, and each of them.

## TENTH AFFIRMATIVE DEFENSE

The Second and Third Causes of Action are premature in that there has been no adverse finding against Sensitech and Donald Berrian in Case No. 04-11483MLW, D. Mass, on which those claims are based.

## ELEVENTH AFFIRMATIVE DEFENSE

One or more of the Second, Third, Seventh, and Eighth Causes of Action are barred by Fed. R. Civ. P. 13 because they are compulsory counterclaims in Case No. 04-11483MLW, D. Mass. in which Sensitech and Donald Berrian

LATHAM•WATKINS
ATTORNEYS AT LAW
LOS ANGELES

LA\1319397.3

8

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

1  assert claims against Time 'N Temperature for infringement of U.S. Patent No. Re

2  36,200.

## TWELFTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over the Seventh and Eighth Causes of Action to the extent they relate to U.S. Patent No. 5,313,848 as there is no actual case or controversy with regard thereto.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of unfair competition and/or unfair business practices are barred because Sensitech's alleged conduct constitutes a legitimate business practice.  Further, Sensitech's alleged conduct was undertaken in good faith, and constituted lawful, proper and justified means to further the sole purpose of engaging in and continuing Sensitech's business affairs.  By reason of such legitimate and good faith business practices, Sensitech is excused from liability.

## PRAYER

WHEREFORE, Sensitech prays for judgment with respect to the plaintiff's Complaint as follows:

1.  That this Court dismisses the Complaint as to Sensitech with prejudice;

2.  That the plaintiff takes nothing by way of the Complaint;

3.  That the plaintiff's request for declaratory relief be denied;

4.  That this Court awards Sensitech its costs of suit, including its reasonable attorney's fees and interest; and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

LA\1319397.3

9

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

1         5.    That this Court grants such other and further relief as it may

2    deem fair and equitable.

3    Dated:  September 21, 2004

Respectfully submitted,

LATHAM & WATKINS LLP
Daniel M. Wall
Belinda S Lee

By _____
Belinda S Lee
Attorneys for Defendant Sensitech, Inc.

9    Of Counsel:
     DAY, BERRY & HOWARD LLP
10      Matthew J. Becker (Conn. Bar No. 10050)
        Catherine Dugan O'Connor (Conn. Bar No. 17316)
11   CityPlace I
     Hartford, CT 06103
12   Telephone:  (860) 275-0100
     Facsimile:  (860) 275-0343

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA\1319397.3

10

SENSITECH, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 633 West Fifth Street, Suite 4000, Los Angeles, CA 90071-2007.

On **September 21, 2004**, I served the following document described as:

### SENSITECH, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

> Daniel M. Cislo
> David V. Sandelands
> Cislo & Thomas LLP
> 233 Wilshire Boulevard, Suite 900
> Santa Monica, California 90401

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **September 21, 2004**, at Los Angeles, California.

_____
Lisa Campfield