UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SENSITECH INC. and <br> DONALD W. BERRIAN, <br> *Plaintiffs*, <br><br> v. <br><br> TIME & TEMPERATURE COMPANY <br> d/b/a TIME 'N TEMPERATURE <br> CORPORATION <br> *Defendant.* | Case No. 04-11483 (MLW) |

**PLAINTIFFS' SURREPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

After omitting the majority of its Massachusetts contacts from its initial Memorandum, TnT now submits an 18-page "Reply" brief and 10-page declaration in an effort to explain them away. While TnT purports to dispute Sensitech's factual assertions, its reply papers in fact concede, or fail to dispute, numerous contacts here in the Commonwealth, which unequivocally establish both jurisdiction over TnT and that venue is proper in the District of Massachusetts:

**Personal Jurisdiction Over TnT**

1) TnT now concedes that over the past seven years it has sold 2300 accused products into, or for use in, the Commonwealth of Massachusetts, for over $37,000 (and Sensitech believes discovery will establish many more such sales). (TnT Reply at 7-8 & n.5; Pohle Decl. ¶ 19.) These sales alone are sufficient to convey jurisdiction here over TnT. See, e.g., Maxwell Chase Techs. L.L.C. v. KMB Produce, Inc., 79 F. Supp.2d 1364, 1372-73 (N.D. Ga. 1999) (holding single sale of 100 units of accused product for $275 together with promotional letter sufficient). However, although not mentioned in its moving papers, TnT now further concedes that on an ongoing basis it continues to sell over 300 infringing products each year used by Massachusetts customers, and that TnT continues to send rebate checks to

51281569_1.DOC

customers in Massachusetts as those infringing products are returned for recycling. (TnT Reply at 9 n.7; Pohle Decl. ¶ 22.)

2)  TnT attempts to divert attention from these direct activities in Massachusetts over the seven years it has been selling its infringing products, and instead focus on the fact that its sales in Massachusetts, allegedly, have recently declined. (See TnT Reply at 4-7.) TnT's attempts are unavailing, because its contacts with Massachusetts over its entire period of making and selling its infringing products are relevant to the jurisdictional analysis. See, e.g., Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558 (Fed Cir. 1994) (analyzing both past and ongoing sales contacts). Significantly, TnT does not deny what its own documents evidence (see Vaught Decl. Exs. A and B) -- that whether or not they remain as numerous today, TnT has maintained several accounts with supermarkets in Massachusetts for the purchase and use of its infringing temperature monitors at issue in this lawsuit, (see TnT Reply at 4-9). TnT expressly (and repeatedly) admits it continues such a relationship with the Alphas-Chelsea Supermarket chain (TnT Reply at 4-5 and n.5, 8-10), and concedes a similar prior relationship with Shaw's Supermarkets regarding the accused products, (id. at 7 n.5). Furthermore, TnT's papers are notably silent regarding Sensitech's allegations about TnT's relationships with other Massachusetts-based supermarket chains, and such uncontested allegations must be taken as true for purposes of this motion. See Beverly Hills, 21 F.3d at 1563 (allegations "not directly controverted, are taken as true for purposes of determining jurisdiction").

3)  Regarding its indirect contacts with Massachusetts, TnT misconstrues the significance of its selling the infringing products in California for transport to and use in Massachusetts through TnT's established "stream of commerce." (See id. at 6.) Under either version of the "stream of commerce" doctrine, (a) by simply selling a product that ends up in Massachusetts, or (b) by selling such a product that ends up in Massachusetts and then taking an

additional action directed at Massachusetts, TnT should reasonably expect the prospect of suit in Massachusetts. See Beverly Hills, 21 F.3d at 1566. Over the course of seven years, TnT's now-admitted purposeful actions in Massachusetts have included: providing Massachusetts customers labels to return the products to TnT for rebates (TnT Reply at 8), offering and at least once providing computers in Massachusetts to facilitate their use (id. at 10), advertising them in Massachusetts (id. at 6 (stating only that TnT is not currently advertising)), and storing data from them for Massachusetts customers (id. at 9-10). By selling the accused monitors for use in Massachusetts, and then admittedly taking these additional steps with the Massachusetts supermarkets using these monitors, TnT has subjected itself to suit here. See id.

### The Case Should Not Be Transferred

4) TnT's Reply also fails to carry its burden and overcome the strong presumption favoring plaintiffs' chosen forum. Regarding the convenience of parties, TnT simply argues that another forum would be more convenient for TnT, but ignores the inconvenience to plaintiffs of a transfer, (TnT Reply at 13), which cannot overcome the presumption. See Van Dusen v. Barrack, 376 U.S. 612, 634 (1964). TnT also ignores the relevance and significance of Sensitech's Massachusetts-based witnesses likely to be involved in the trial of this case, including their expected testimony about inventing the technology, prosecuting the patent, considering licenses in the temperature monitor industry, marketing and advertising activities, generating profits, and manufacturing and selling a commercially successful product. (See TnT Reply at 14-15.) Regarding its own proposed witnesses, despite listing their names, TnT continues to omit explaining what any of their expected testimony would cover, and further fails to state whether any of them could be compelled to appear at a trial in TnT's sought-after forum in the Central District of California. (Id.) Indeed, given the requirements of a patent case, plaintiffs believe that their witnesses will equal, if not exceed, the importance of TnT's.

TnT similarly fails to explain the relevance or importance of any of its documents, to explain why their presence in California presents any unique burden here, or to consider the relevance, to both liability and damages issues, of Sensitech's marketing, sales and manufacturing documents, all of which are located here in Massachusetts. (Id. at 15-16.) As with the likely witnesses, TnT overstates the importance of its own documents while understating the importance of plaintiffs'. (Id.) Lastly, neither the format of plaintiffs' properly-constituted Complaint, see Fed. R. Civ. P. Form 16, nor TnT's later-filed action in another district court (TnT Reply at 16), establish any "oppressiveness or vexation" on TnT in litigating here. See Nowak v. Tak How Invs, Ltd., 94 F.3d 708, 720 (1st Cir. 1996).

For all of these reasons, together with those previously set forth by plaintiffs in their opposition materials, defendant's motion should be denied.

Respectfully submitted,

SENSITECH, INC. and DONALD W. BERRIAN

By their attorneys,

_____
John T. Gutkoski  (BBO# 567182)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110-3179
Telephone: (617) 345-4600
Fax: (617) 345-4745

Of Counsel:

Matthew J. Becker
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Fax: (203) 275-0343

Catherine Dugan O'Connor
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901-2047
Telephone: (203) 977-7538
Fax: (203) 977-7301

September 20, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on September 20, 2004

_____

51281569_1.DOC

-4-