IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**ORIGINAL**

| | |
|---|---|
| SENSITECH INC. AND DONALD W. BERRIAN<br><br>Plaintiff,<br><br>v.<br><br>TIME & TEMPERATURE COMPANY, d/b/a TIME 'N TEMPERATURE CORPORATION<br><br>Defendant. | Civil Action No. 04-11483 (MLW) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**

**I.**

**INTRODUCTION**

*"I frankly wonder what this case is really about. I don't think, I've ever seen a more sparse complaint. I have concerns about whether it satisfies the requirements of notice pleading. If I've read it right, it doesn't allege what the infringing devices are or what way in which they infringe."*

(The Honorable Mark Wolf, United States District Court Judge, Exh. "A," April 28, 2005 Record Transcript, p. 4, ll. 15-20.)

This lawsuit for patent infringement is merely the latest act in a now long-running vendetta by plaintiff Sensitech, Inc. ("Sensitech") to acquire by forced sale its much smaller, but substantially more innovative competitor, defendant Time 'N Temperature Corporation ("TNT"), a family-owned business that has manufactured temperature recording equipment in Ventura,

1

California for over 32 years. Sensitech also manufactures temperature recording equipment and is a direct competitor of TNT.

Sensitech's vendetta began in January of 2001, when Sensitech sent TNT a solicitation letter offering to license the patents at issue in this lawsuit. In February of 2001, Sensitech sent TNT a second letter demanding a response to its offer. In March of 2001, TNT responded, by letter, requesting a clarification of the meaning of Sensitech's letters. Sensitech never replied. At no time during this exchange of letters did Sensitech ever make known its beliefs regarding the alleged infringement of U.S Patent No. Re. 36,200 ("the '200 patent").

Subsequently, more than a year transpired before Sensitech in May of 2002, sent TNT a letter offering to purchase the company. Thereafter, a series of email and letter exchanges occurred wherein TNT proposed the terms of an offer to Sensitech. Sensitech immediately rejected the offer and thereafter posed, by letter, the following question to TNT: *"[H]ow low and how long could we offer rebates in the market before we spent our way through $10,000,000?"* Not surprisingly, shortly thereafter, negotiations completely broke down at which time Sensitech's Chief Executive Officer, Eric B. Schultz, called TNT's Chief Executive Officer, Budd T. Pohle, and stated: "I want you out of the business." At no time during the above-mentioned negotiations did Sensitech ever make known its beliefs regarding the alleged infringement of the '200 patent.

Over the next two years Sensitech left TNT alone while it acquired the two largest competitors in the market for temperature recording devices for use in shipping perishable foods, namely Cox Electronics, Inc. ("Cox") and Ryan Instruments, Inc. ("Ryan"). TNT is informed and believes that Sensitech achieved monopoly power in the market for temperature recording devices for use in shipping perishable foods upon its acquisition of the above mentioned companies. TNT is also informed and believes that Sensitech sued Cox for patent infringement prior to its purchase of that company.

In view of the above and in an effort to avoid being squeezed out of the market, on or about May of 2003, for the purpose of capturing market share, TNT selectively lowered the retail

2

price for some of its temperature recording products to $16.50/unit or well below the $23.50 price per unit of Sensitech's competing units. TNT's plan was successful and over the next year TNT began capturing market share at Sensitech's expense. Sensitech took notice and apparently decided that the time had come to finally get TNT "out of the market."

Therefore, on June 29, 2004, without ever sending even a single cease and desist letter or in any other manner ever making its beliefs regarding alleged patent infringement known to TNT, despite numerous opportunities to do so, Sensitech filed the instant infringement lawsuit. TNT is informed and believes that Sensitech's allegation of patent infringement is meritless and that Sensitech will not tolerate any remaining competitor, however small, whom undercuts its data logger pricing of $23.50/unit and will take whatever action is required to eliminate any such competitor from the market.

Sensitech's complaint is indicative of the company's failure to plead its claims in good faith because the "bare bones" complaint fails to identify even a single TNT product which allegedly infringes the patent at issue. Moreover, as noted by Judge Wolf of the District Court for the District of Massachusetts, the complaint fails to allege any reasons as to why Sensitech believes the '200 patent is infringed.

> *"Among other things, the information not disputed before me indicates that the plaintiff tried to buy the defendant. It sued about two years later. As I said, I've expressed some concern about the bare bones nature of the complaint. It does not name, for example, any allegedly infringing product nor give any guidance as to why its infringing."*

(The Honorable Mark Wolf, United States District Court Judge, Exh. "A," April 28, 2005 Record Transcript, p. 39, ll. 9-15.) The complaint fails to give TNT fair notice of the claims pled against it and for this reason should be dismissed.

Sensitech should not be allowed to engage in a costly "fishing expedition" wherein Sensitech conducts extensive discovery of each of TNT's several products in the mere hopes of eventually being able to craft an argument for infringement. Rule 11 requires that Sensitech

make an investigation reasonable under the circumstances prior to filing suit. Sensitech, presumably having conducted such an investigation, should be able to and should be required to identify which of TNT's products it believes infringe the patent at issue.

## II.

## STANDARD FOR RULE OF CIVIL PROCEDURE 12(B)(6) MOTIONS TO DISMISS

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Xerox Corp. v. Far Western Graphics, Inc.*, 2004 U.S. Dist. Lexis 20579 (N.D. Cal.). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755-756 (9th Cir. 1994). Review is limited to the contents of the complaint. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir.) Leave to amend may be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Id.* When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III.

## ARGUMENT

A. **Rule 8(A)(2) Requires Sensistech to Plead Sufficient Facts to Give TNT Fair Notice of the Claims Against It**

Pursuant to Rule 8(a)(2) "a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. Proc. 8(a)(2)*. The Supreme Court has found that this provision is satisfied so long as the factual allegations give "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99 (1957). "Rule 8(a)(2) eliminates the needless distinctions and technicalities of code pleading, but still 'envisages the statement of circumstances, occurrences, and events in support of the claim . . . .'" *Gen-Probe, Inc. v. Amoco*

4

*Corporation, Inc.,* 926 F. Supp. 948, 961 (S.D. Cal. 1996). "A conclusory assertion of entitlement to relief is insufficient because it provides the Court no information with which to determine whether the plaintiff's grievance arises under a legal theory for which the law affords a remedy." *Id.* "Even under liberal notice pleading, the plaintiff must provide facts that outline a viable claim for relief, not mere boilerplate sketching out the elements of a cause of action." *Id.*

Similarly, Rule 11 requires that plaintiff be in possession of at least some facts to support its claim. Rule 11 requires plaintiff's attorney of record to certify that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *Fed. R. Civ. P. 11(b)(3).* This certification requirement imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing. . .." *Business Guides, Inc. v. Chromatic Communications Enter.,* 498 U.S. 533, 551, 111 S. Ct. 922 (1991) "Rule 11's requirement of certification of the well-foundedness of the factual contentions of the complaint would be meaningless unless Rule 8(a)(2) required some minimum allegations of fact to support the claim." *Gen-Probe, Inc.,* 926 F. Supp. at 962.

### B. Sensitech's Conclusory Pleadings are too Vague to Provide TNT With Fair Notice of Which of its Products are Alleged to be Infringing

Sensitech's "bare bones" complaint merely states that: "TnT has infringed, and continues to infringe, the '200 patent by making, using, selling and/or offering to sell the inventions claimed in the patent . . .." (Complaint, ¶ 10.) Other courts have found similar minimalist statements to fail to provide fair notice of the claims and to therefore fail to satisfy Rule 8(a)(2). Examples are as follows:

In *Ondeo Nalco Company v. EKA Chemicals, Inc.,* 2002 U.S. Dist. Lexis 26a95 (Dist. Delaware) the defendant brought counterclaims for patent infringement and identified the allegedly infringing products as "Nalco's products including the 8692 product." *Id.* at *4, n. 2. The Nalco court dismissed the claim holding "With the exception of the description of the 8692 product, the pleadings are too vague to provide plaintiff with fair notice of which products are

alleged to be infringing." *Id.* at *4. By contrast, the instant complaint fails to identify even a single allegedly infringing product and should therefore be dismissed entirely.

Likewise, in *Gen-Probe, Inc.*, 926 F. Supp. 948 (S.D. Cal. 1996), the court held that a vague reference in the pleadings to allegedly infringing "products and/or kits" failed to give the defendants fair notice of the claims. *Id.* at 961. The instant complaint merely alleges that TNT is "offering to sell the inventions claimed in the patent" and thus fails to provide even the minimal detail deemed insufficient to state a claim in *Gen-Probe*.

Also in *Hewlett-Packard Company v. Intergraph, Corporation*, 2003 U.S. Dist. Lexis 26092, the court found plaintiff's statement that defendant was "making, using, offering to sell and/or selling infringing software and hardware products . . ." insufficient to state a claim where defendant sold 150 products. *Id.* at *6. TNT sells several models of temperature recording products and like the defendant in Hewlett-Packard has not been given fair notice of which of its products are alleged to be infringing the patent at suit.

    **C.    Sensitech's Pleadings are too Vague to Give TNT Fair Notice of the Reasons Upon Which Sensitech Bases its Infringement Beliefs**

As noted by Judge Wolf, the complaint fails to allege any reasons as to why Sensitech believes the '200 patent is infringed. (*See,* Exh. "A," April 28, 2005 Record Transcript, p. 39, ll. 11-15.)(*"As I said, I've expressed some concern about the bare bones nature of the complaint. It does not name, for example, any allegedly infringing product nor give any guidance as to why its infringing."*). For this reason as well, the complaint should be dismissed because it fails to provide TNT with sufficient facts upon which to either evaluate the reasonableness of Sensitech's claim or to formulate a response without incurring undue risk of prejudice.

### IV.
### SENSITECH SHOULD BE REQUIRED TO MAKE A MORE DEFINITE STATEMENT

Where a pleading is sufficient to provide notice of the claim but does not contain sufficient information to allow a responsive pleading to be framed without risk of prejudice, a

motion for a more definite statement under Rule 12(e) is an appropriate remedy. *See, Harman v. Nat'l Bank of Arizona,* 339 F.2d 564, 567 (9th Cir. 1964). Therefore, if the Court concludes that Sensitech's complaint provides TNT with sufficient notice of the claims, as an alternative to dismissing the case, the Court should require Sensitech to make a more definite statement identifying which of TNT's products allegedly infringe the patent at issue. Moreover, in keeping with Judge Wolf's observations (*see*, Exh. "A," April 28, 2005 Record Transcript, p. 4, ll. 15-20, p. 39, ll. 9-15, p. 41, ll. 6-9) regarding the complaint's complete failure to state any reasons for Sensitech's infringement beliefs, this Court should order Sensitech to explain the basis for its infringement allegations. In the absence of a more definite statement identifying the allegedly infringing products and the reasoning in support of the alleged claim for infringement, TNT will not have been provided with the "grounds upon which [the claim] rests" as is required by Rule 8(a)(2). *See, Conley v. Gibson,* 355 U.S. 41, 47-48, 78 S. Ct. 99 (1957).

## V.

## CONCLUSION

The Court should dismiss the instant complaint or in the alternative grant TNT's motion for a more definite statement because Sensitech's "bare bones" complaint fails to identify the allegedly infringing products and moreover fails to state any reasons as to why Sensitech believes the patent at issue has been infringed. Therefore, the complaint fails to give TNT fair notice of the claims and of the grounds for the same as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Moreover, Sensitech by failing to identify the allegedly infringing products and the reasons for its beliefs is misusing the judicial process as a weapon for the economic harassment of TNT.

Respectfully submitted,

CESARI AND McKENNA, LLP

Dated: June 6, 2005

_____
Thomas C. O'Konski  BBO #377475
Attorneys for Defendant,
Time 'N Temperature Company
88 Black Falcon Avenue
Boston, MA 02210
(617) 951-2500

Of Counsel:

Daniel M. Cislo, Esq., CA Bar No. 125,378
David B. Sandelands, Esq., CA Bar No. 198,252
CISLO & THOMAS LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, California 90401
Telephone: 310-451-0647
Facsimile: 310-394-4477

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document is being deposited with the United States Postal Service on June 6, 2005, in an envelope addressed to counsel for plaintiff, Sensitech Inc. and Donald W. Berrian:

>John T. Gutkoski
>Day, Berry & Howard LLP
>260 Franklin Street
>Boston, MA  02110-3179
>
>Matthew J. Becker
>Day, Berry & Howard LLP
>CityPlace I
>Hartford, CT  06103-3499
>
>Catherine Dugan O'Connor
>Day, Berry & Howard LLP
>One Cantebury Green
>Stamford, CT  06901-2047

*[signature]*