UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SENSITECH INC. and                  )
DONALD W. BERRIAN,                  )
            *Plaintiffs*,           )
                                    )
       v.                           )   Case No. 04-11483 (MLW)
                                    )   (Transfer pending to U.S. District Court
TIME & TEMPERATURE COMPANY          )    for the Central District of California)
d/b/a TIME 'N TEMPERATURE           )
CORPORATION,                        )
            *Defendants*.           )
_____)

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR IN THE
<u>ALTERNATIVE FOR A MORE DEFINITE STATEMENT</u>**

Almost one year ago, on June 29, 2004, plaintiffs filed a garden-variety patent infringement complaint against defendant TnT in the United States District Court for the District of Massachusetts. (Complaint, copy attached as Ex. 1.) To date, TnT has yet to file an Answer or address the merits of plaintiffs' claim. Instead, TnT has repeatedly delayed the proceedings and widened the dispute between the parties by filing its own separate lawsuit against plaintiffs in the United States District Court for the Central District of California (No. 04-6553 (WJR)), and by filing motions to dismiss or transfer in this case. In addition to causing delay, TnT has used each filing to cast unsupported and untrue aspersions on plaintiffs.

Having lost its jurisdictional motion to dismiss, but succeeded in having this case transferred to the Central District of California for TnT's convenience, TnT continues its previous tactics with a new motion to dismiss for failure to state a claim or for a more definite statement. This second Rule 12 motion violates the federal rules. Moreover, plaintiffs have stated a valid claim – infringement of a specific patent by TnT's electronic temperature monitor

products. Plaintiffs have also provided TnT more than adequate notice of such claim both in their initial complaint and through the parties' extensive jurisdiction/venue briefing in which TnT's infringing products, and their use in and other contacts with Massachusetts were extensively examined. This Court, therefore, should deny TnT's current motion, and require TnT, at long last, to address the merits.

## **FACTUAL BACKGROUND**

Sensitech, Inc. ("Sensitech") is the exclusive licensee of the patent-in-suit, U.S. Patent No. Re 36,200 (the "'200 Patent"). Donald Berrian is the assignee of the '200 Patent. The '200 Patent is a seminal patent in the area of electronic temperature monitoring devices, and represented a significant advance in the field. Plaintiffs believe defendant TnT, a competitor of Sensitech's in the temperature monitoring industry, has only offered for sale approximately six different types of electronic monitors. (See, e.g., TnT website product page, attached as Exhibit 2.) Plaintiffs' infringement claims are limited to this discrete factual universe – whether TnT's limited number of products infringe this single patent.

Contrary to TnT's baseless suppositions, Sensitech and its counsel took extensive time and effort to analyze both the '200 patent and TnT's products before filing suit, an investigative effort which continues to this day given some apparently recent TnT product offerings. TnT's unsupported assertions that Sensitech has no good faith basis for the suit and instead brought this lawsuit in a "vendetta" against TnT not only lack any merit, but they do not make sense. TnT jumps to its erroneous conclusion from the fact that prior to this suit, the parties had corresponded at different times on two topics – both the possibility of TnT selling itself to Sensitech and the '200 patent. (See TnT Mem., at 1-3.) The two topics, however, were

unconnected, and Sensitech has never connected any possible acquisition of TnT to the '200 patent or any patent infringement by TnT.

Specifically, counsel for Sensitech provided TnT, and other competitors, with general notice of the '200 patent in January, 2001, and offered to discuss a license. (<u>See</u> Ex. 3.) TnT never responded. Over sixteen months later, and completely unrelated to that patent correspondence, the CEO's of Sensitech and TnT held discussions regarding TnT possibly selling itself to Sensitech. (<u>See</u> May, 2002 Letters attached here as Exs. 4 and 5.) These discussions ended without an acquisition after TnT demanded exorbitant selling prices. (<u>Compare</u> <u>id.</u> Ex. 5 <u>and</u> Pohle June 7, 2002 Letter, attached as Ex. 6, <u>with</u> Schultz May 24, 2002 Letter, attached as Ex. 7.) At no time did the acquisition negotiations concern, let alone focus on, the '200 patent or any patent issues.

Over two years after those negotiations ended, plaintiffs filed this lawsuit. That filing was unrelated to the long-ended acquisition discussions. Rather, TnT had sold products Sensitech suspected infringed its patents without the benefit of a license. Sensitech obtained and evaluated TnT sample products and concluded they do infringe. Sensitech, therefore, brought suit to address TnT's infringement, and not out of any "vendetta." Indeed, the passage of over two years between the parties' brief acquisition discussions and the filing of this lawsuit belies TnT's claim that the complaint was motivated by ill-intent or anger over those discussions.

Furthermore, it is TnT, not Sensitech, that has multiplied and delayed the progress of this straight-forward, single-patent dispute. TnT chose not to answer the Complaint, or otherwise deny infringement, and instead filed lengthy jurisdictional and transfer motions. TnT chose to bring a separate lawsuit against plaintiffs alleging, with questionable if any factual support, broad antitrust claims concerning not only Sensitech's patent but unrelated aspects of Sensitech's business. TnT chooses now to continue avoiding the merits in both cases, and to

delay further by bringing this improper motion.[1] In contrast, Sensitech, after waiting almost an entire year since filing its Complaint, should be permitted to have its case move from the pleading stage on to discovery.[2]

## ARGUMENT

### I. TNT WAIVED ITS CURRENT RULE 12(b)(6) AND 12(C) ARGUMENTS BY FAILING TO INCLUDE THEM IN ITS FIRST RULE 12 MOTION.

Since 1948, the Federal Rules have prohibited successive motions of the sort filed by TnT in this case. Rule 12 (g) requires:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. <u>If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted</u>, except a motion as provided in subdivision (h)(2) hereof on any of the grounds therein stated.

---

[1] Further proof showing TnT has brought this current, improper motion for the purposes of delay is evidenced in counsels' prior correspondence regarding this motion. TnT's counsel initially offered a single, non-controlling authority to support its motion. (Sandeland's May 20, 2005 Letter, attached as Ex. 8.) When plaintiffs' counsel responded by noting TnT's sole authority was inapposite on its facts and by providing several authorities to the contrary, (Gutkoski May 27, 2005 Letter, attached as Ex. 9), TnT's counsel refused to address those authorities and stated TnT would nonetheless file this motion based simply upon TnT's own "views" and "beliefs." (Cislo June 1, 2005 Letter, attached hereto as Ex. 10.)

[2] TnT made these same misplaced allegations about Sensitech's intent in support of its jurisdictional/venue motion and now offers excerpts of comments made by the Honorable Mark Wolf, United States District Court Judge, who presided at the oral argument for that motion in the District of Massachusetts on April 28, 2005. (<u>See</u> TnT Mem., pp. 1, 3, 6 and Ex. A-B.) Sensitech denied the allegations generally, but did not specifically address them in its papers because they were irrelevant to the issues of jurisdiction over TnT in Massachusetts and the proper venue for this case. While Judge Wolf did observe these allegations by TnT, he made no formal or final finding regarding them. (<u>See id.</u>) Those observations are neither relevant to TnT's current motion nor are they binding on this Court. <u>See In re: Carefirst of Md.</u>, 305 F.3d 253, 261 (4th Cir. 2002)(prior ruling that is neither a final order nor subject of an appeal not law of the case); <u>Schachner v. Blue Cross & Blue Shield</u>, 77 F.3d 889, 894 (6th Cir. 1996)(error to treat as the law of the case statement made in class certification order). <u>See also Honolulu Waterfront Ltd. P'ship v. Aloha Tower Dev. Corp.</u>, 692 F. Supp. 1230, 1238 (D. Haw. 1988)(ruling on procedural matter not the law of the case and noting even preliminary factual findings made for one purpose are not law of the case for other legal questions).

Fed. R. Civ. P. 12(g) (Consolidation of Defenses in Motion)(emphasis added).[3] See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1384 at 478 (2004). "Rule 12(g) was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes under which numerous pretrial motions could be made, many of them in sequence—a course of conduct that was pursued often for the sole purpose of delay." Id. at 478-89.[4] As the Court of Appeals for the Ninth Circuit has stated, "Fed. R. Civ. P. 12, and specifically subdivisions (g) and (h) promote the early and simultaneous presentation and determination of preliminary defenses. Rule 12(g) requires that a party who raises a defense by motion prior to an answer raise all such possible defenses in a single motion; omitted defenses cannot be raised in a second, pre-answer motion." Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1988), rev'd on other grounds, 487 U.S. 412 (1987); see also Daewoo Motor Am., Inc. v. Dongbu Fire Ins. Co., 289 F. Supp. 2d 1127 (C.D. Cal. 2001) (finding waiver of venue objection that was not raised in first motion).

The grounds TnT now asserts in its current motion, filed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), were available but not raised by TnT when it filed its motion under Fed. R. Civ. P. 12(b)(2 and 3). (See Def.'s Aug. 9, 2004 Mo. to Dismiss, or, in the Alternative, to Transfer (the "August 2004 Motion").) Under Fed. R. Civ. P. 12(g), TnT has waived its right to move for the relief sought in this motion, and the Court should deny it.

---

[3] Rule 12(h)(2) reads: "a defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h). TnT's motion is not such a pleading, motion for judgment, or at trial.

[4] "Indeed, the only persons to whom Rule 12(g) presents a hazard are motion minded lawyers who from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions." Id. at 479.

**II.  PLAINTIFFS' MODEL COMPLAINT PROVIDES ADEQUATE AND PROPER NOTICE OF THEIR CLAIMS UNDER RULE 8.**

Should this Court reach the merits of TnT's motion, the Court should deny it, because plaintiffs' Complaint provides TnT proper notice and TnT improperly seeks to require plaintiffs to plead detailed matters that should, and will, be the subject of discovery. Plaintiffs' Complaint conforms to the model patent infringement complaint. See Fed. R. Civ. P., App. of Forms, Form 16. As this Court has found, such complaints, by definition, satisfy the requirements of notice pleading. Fed. R. Civ. P. 84 ("The forms contained in the Appendix of Forms are sufficient under the rules . . . ."); Beery v. Hitachi Home Elecs. (Am.) Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993) (finding complaints that comply with Form 16 sufficient notice under the rules). They are routinely held to provide appropriate notice to patent infringement defendants. See, e.g., OKI Elec. Industry Co. v. LG Semicon Co., No. Civ. 97-20310, 1998 WL 101737 (N.D. Cal. Feb. 25, 1998)(alleging infringement via "devices that embody the patented methods, including 4 megabit and higher density DRAMs," argued by defendant to refer to nearly all of its product line, was sufficient as the phrase "devices that embody the patented methods" is substantially similar to Form 16); LG Elecs., Inc. v. Asustek Computers, 126 F. Supp. 2d 414, 417 (E.D. Va. 2000) (complaint that alleged defendant is making, selling, offering to sell, using or importing "computer systems embodying the claimed inventions of the patents" satisfied pleading standards).

Despite plaintiffs' model Complaint, TnT first seeks to have plaintiffs specify all the TnT products believed to infringe the patent-at-issue. TnT cites only three authorities regarding its request. All are inapposite here. Two involved situations where plaintiffs did not specify which among a large number of products sold by defendants were the subject of the suit, and courts ordered the respective plaintiffs to narrow the field. See Hewlett-Packard Co. v. Intergraph Corp., No. C-03-2517 MJJ, 2003 U.S. Dist. LEXIS 26092, at *6 (N.D. Cal. September 6, 2003)

(defendant sold 150 core technology platforms in over 4000 user applications); Onedo Nalco Co. v. EKA Chems., Inc., No. 01-537-SLR, 2002 U.S. Dist. LEXIS 26195, at *4 (D. Del. Aug. 10, 2002)(holding "pleadings too vague to provide plaintiff with fair notice of which products are accused"). Unlike the defendants in those cases, TnT has only approximately six electronic products under two product lines, both of which, plaintiffs have already told TnT, infringe the patent-at-issue.[5] TnT provides no facts explaining why, given its limited number of electronic products, it is in any way confused or prejudiced by plaintiffs' model complaint. TnT, therefore, has no right to, or need for, further detail in an amended pleading. See, e.g., Symbol Tech. v. Hand Held Prods., Inc., No. Civ. A. 03-102-SLR, 2003 WL 22750145 at *3 (D. Del. Nov. 14, 2003) (denying motion for more definite statement to name accused products given "finite" number of potentially infringing products and availability of discovery to refine the scope of the case). TnT's only other cited authority, Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 961 (S.D. Cal. 1996), concerned five defendants and three types of infringement, under two patents. Id. Plaintiffs' complaint in contrast accuses only TnT of infringing a single patent, requiring no further clarification.

TnT also seeks to have plaintiffs amend their Complaint to provide "the reasons as to why Sensitech believes the '200 patent is infringed," yet offers absolutely no authority to support its demand. (See TnT Mem., at 6.) Indeed, one of TnT's own cited authorities stands directly to

---

[5] It is curious that TnT accuses Sensitech of "deliberately failing to identify the allegedly infringing products" (Motion at 1), because ten months ago in its Opposition to TnT's August 2004 Motion Sensitech identified TnT's SmartCheck and QCmax monitors as the accused products. (Plaintiffs' Opposition To Defendant's Motion To Dismiss Or, In The Alternative, To Transfer Venue, at 2.) Indeed, awareness of the accused products was necessary for the parties, and the Massachusetts Court, to determine whether or not TnT was subject to specific jurisdiction in Massachusetts, which was predicated on sale of *allegedly infringing products* there. (E.g., TnT Mem. Ex. A, at 11, lns. 23-25.) Sensitech is not hiding the products accused of infringing, but simply denies the need to allege them in the Complaint, which could require amendments should discovery reveal additional or new products that infringe.

the contrary. See Gen-Probe, 926 F. Supp. at 960 ("[t]he Federal Rules do not require that the plaintiff plead with particularity the specific patent claims that have been infringed . . .").

     TnT appears to be improperly seeking premature discovery, in either this or its related antitrust case. The fundamental objective of notice pleading is to require plaintiffs not to plead facts, but rather to provide fair notice of the nature and grounds of the claim with "a general indication of the type of litigation that is involved." 5 Wright & Miller, at § 1215 (2004). This notice function constitutes the "core of the pleading process" while "discovery procedures should give the parties an opportunity for securing an elaboration of the allegations and that process and not the pleadings bears the burden of filling in the details of the dispute for the parties and the court." Id. (citing Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002)(simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues)). Courts accordingly view motions for more definite statements with general disfavor, granting them only rarely because of the minimal pleading requirements and extensive discovery available in federal practice. Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted."). Therefore, TnT's unsupported request for "the reasons why" to be pled is improper.

     To the extent TnT's request for plaintiffs to provide "the reasons as to why Sensitech believes the '200 patent is infringed" extends beyond prematurely seeking plaintiffs' infringement contentions and also seeks discovery into the analysis plaintiffs undertook before filing their complaint, TnT improperly seeks to evade its legal obligations in the related antitrust suit it filed. In its complaint in that separate action (Civil Action No. 04-6553 (WJR)), TnT accuses Sensitech of bringing its patent infringement suit "with either full knowledge that the lawsuit lacked merit or with willful disregard for the merits", and characterizes Sensitech's

claims as "a mere sham to cover what is actually nothing more than an attempt to interfere directly with [TnT's] business." (TnT Compl. ¶¶ 49-51.)  To prevail on this claim, however, TnT must satisfy a two-prong test.  See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 60 (1993).  First, TnT must prove Sensitech's suit was "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits."  Id.  If, and only if, TnT can prove Sensitech's lawsuit is "objectively meritless," which it is not, may TnT obtain discovery under the test's second prong and inquire into Sensitech's subjective motivation in bringing the claims.  Id. (emphasis added.)

In asserting its purported right to know, via a more detailed complaint, "any reasons for Sensitech's infringement beliefs" (TnT Mem., at 7), TnT attempts to circumvent the requirement that a party asserting sham litigation claims must first show that the challenged suit is objectively baseless before it will be entitled to inquire into the subjective intent of its opponent in bringing the suit.  Id.; see also Music Ctr. S.N.C. Di Luciano Pisoni & C. v. Prestini Musical Instruments Corp., 874 F. Supp. 543, 549 (E.D.N.Y. 1995)(applying Professional Real Estate Investors and barring discovery as to the "objectively baseless" prong of the sham litigation analysis).  If TnT fails to show Sensitech's suit is objectively baseless, any genuine issues of material fact would be eliminated and summary judgment for Sensitech on the sham litigation claim would be appropriate.  Q-Pharma, Inc. v. Andrew Jergens Corp., No. C 01-1312P, 2002 U.S. Dist. LEXIS 27222 (W.D. Wash. Nov. 18, 2002)(rejecting defendant's contention it was entitled to discovery as to the appropriateness of the patentee's and attorney's conduct because suit was not objectively baseless and subjective intent was thus irrelevant).

Accordingly, the Court should reject this and any other efforts by TnT to obtain discovery to which it is not presently, and in fact may never be, entitled.

## CONCLUSION

For all these reasons, the Court should deny TnT's motion, set an initial scheduling conference in this matter, and allow the parties to proceed with discovery.

                                      Respectfully submitted,

                                      SENSITECH, INC.
                                      and DONALD W. BERRIAN

                                      By their attorneys,

                                        /s/    John T. Gutkoski
                                      John T. Gutkoski (BBO #567182)
                                      DAY, BERRY & HOWARD LLP

Of Counsel:                        260 Franklin Street
                                      Boston, MA   02110

Matthew J. Becker             Telephone:  (617) 345-4600
Day, Berry & Howard LLP    Fax:  (617)345-4745
CityPlace I
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Fax: (203) 275-0343

Catherine Dugan O'Connor
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901-2047
Telephone: (203) 977-7538
Fax: (203) 977-7301

June 20, 2005

## CERTIFICATE OF SERVICE

I, John T. Gutkoski, hereby certify that on June 20, 2005, I electronically filed the within Plaintiffs' Opposition to TnT's Motion to Dismiss Or In The Alternative For A More Definitive Statement using the CM/ECF system which will send notification of such filing to the following: Thomas C. O'Konski, Cesari and McKenna, LLP, 88 Black Falcon Avenue, Boston, Massachusetts 02210.

                /s/   John T. Gutkoski
                John t. Gutkoski