# Exhibit 9

# Day, Berry & Howard LLP

COUNSELLORS AT LAW

John T. Gutkoski
Direct Dial: (617) 345-4609
E-Mail: jtgutkoski@dbh.com

May 27, 2005

**VIA FACSIMILE
AND FIRST CLASS MAIL**

David B. Sandelands, Esq.
Cislo & Thomas LLP
233 Wilshire Boulevard, Suite 900
Santa Monica, CA  90401

Re:    <u>Sensitech Inc. et al v. Time 'N Temperature Company</u>
U.S.D.C. for the District of Massachusetts; C.A. No. 04-11483 MLW

<u>Sensitech Inc. et al v. Time 'N Temperature Company</u>
U.S.D.C. for the Central District of California; C.A. No. 04-6553-WJR

Dear David:

In response to your May 20, 2005 letter to Catherine O'Connor, Sensitech has reviewed the Complaint it and Donald Berrian filed in the District of Massachusetts, which is now being transferred to the Central District of California, and believes it more than adequately provides TnT the notice required by Fed. R. Civ. P. 8(a).  Indeed, as Sensitech noted in the recent oral argument before Judge Wolf, its Complaint conforms to the requirements of the model patent infringement complaint.  See Fed. R. Civ. P., App. of Forms, Form 16.  "The forms contained in the Appendix of Forms are sufficient under the rules . . . ." Fed. R. Civ. P. 84; <u>see also</u> <u>Beery v. Hitachi Home Electronics (America) Inc.</u>, 157 F.R.D. 477, 480 (C.D. Cal. 1993) (finding complaints that comply with Form 16 sufficient notice under the rules); <u>OKI Elec. Industry Co. v. LG Semicon Co.</u>, 1998 WL 101737 (N.D. Cal. 1998) (alleging infringement via "devices that embody the patented methods, including 4 megabit and higher density DRAMs," argued by defendant to refer to nearly all of its product line, was sufficient as the phrase "devices that embody the patented methods" is substantially similar to Form 16); <u>LG Elec. Inc. v. Asustek Computers</u>, 126 F. Supp.2d 414,418 (E.D. Va. 2000) (complaint that alleged defendant is making, selling, offering to sell, using or importing "computer systems embodying the claimed inventions of the patents" satisfied pleading standards).

Sensitech has also considered the single, non-controlling authority noted in your letter, <u>Onedo Nalco Co. v. EKA Chem., Inc.</u>, 2002 U.S. Dist. LEXIS 26195 (D. Del. August 10, 2002). Given the small number of electronic monitoring products sold by TnT, the issues in <u>Onedo</u> of

Day, Berry & Howard LLP

David B. Sandelands, Esq.
May 27, 2005
Page 2


fair notice about which products were alleged to be infringing appear not to be present here in our case.  See, e.g., Symbol Tech., Inc. v. Hand Held Products, Inc., 2003 WL 22750145 at *3 (D. Del. Nov. 14, 2003) (denying motion for more definite statement to name accused products given "finite" number of potentially infringing products and availability of discovery to refine the scope of the case).

Additionally, Sensitech notes that Onedo only requires a plaintiff to identify accused products, and says nothing about pleading factual bases for infringement.  See Onedo, at *4-5. TnT's request in your letter for Sensitech to amend its Complaint to provide "the basis upon which it founds its infringement beliefs" (whatever that phrase may mean) is not supported by Onedo and, therefore, appears to be simply an attempt to obtain free early discovery.

Given the cases cited above and TnT's failure to provide any controlling authority for its position, Sensitech disagrees with TnT's contention that Sensitech's current Complaint is in any way "defective."  Nevertheless, Sensitech wishes to avoid protracted motion practice if possible. Accordingly, to the extent TnT disagrees with Sensitech's position after reviewing the above-cited authorities, or identifies additional support for its position, Sensitech remains willing to consider such support and discuss this issue further in an effort to resolve this issue without motion practice.

I look forward to hearing from you.


Sincerely,

John T. Gutkoski


JTG/plr

51308922_2.DOC 330402-00210