# Exhibit 10

CISLO & THOMAS LLP
*Attorneys at Law* 2005 JUN -1  PM 4: 53

A PARTNERSHIP INCLUDING A PROFESSIONAL CORPORATION

SUITE 900
233 WILSHIRE BOULEVARD
SANTA MONICA, CALIFORNIA 90401

(310) 451-0647
L. A. (322) 870-1163
FACSIMILE (310) 394-4477
INTERNET WWW.CISLO.COM

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

June 1, 2005

**VIA TELECOPIER ONLY**
TRANSMISSION FAX NUMBER: (617) 345-4745
TOTAL PAGES: 2

John T. Gutkoski, Esq,
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110

> **Re: Sensitech Inc. et al. v. Time & Temperature Company**
> **Civil Action No. 04-11483 MLW**
> **U.S. District Court – District of Massachusetts**
> **Our Docket No. 04-13777**

Dear John:

We are writing in response to your letter of May 27, 2005 (received in our office on May 31, 2005). In our view, the model complaint of Form 16 contemplates suits involving a single plaintiff and a single defendant manufacturing a single product. In such a case, a Form 16 complaint comports with Rule 8 because there is no doubt as to the identity of the allegedly infringing product. However, in cases where a defendant manufactures numerous products, a factual situation not contemplated by Form 16, a bare-bones complaint while it may follow the format of Form 16 does not comply with the requirements of Rule 8 because it fails to identify which of the defendant's numerous products are alleged to be infringing. Moreover, the drafters of Form 16 did not contemplate cases where the plaintiff would use the judicial process as a weapon to harm the business of a competitor.

In the instant case, TNT manufactures numerous temperature recording devices and Sensitech's complaint fails to identify even a single allegedly infringing product. Moreover, Sensitech's past actions towards TNT provide reasonable grounds for TNT's belief that the instant lawsuit lacks merit and has been brought for the sole purpose of harming TNT's business. Given the factual background, TNT believes that more than a mere naked allegation of infringement is required to comport with Rule 8. Specifically, Sensitech should identify the products it alleges to infringe its patents and should provide some factual basis for its claims.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

CISLO & THOMAS LLP
*Attorneys at Law*

John Gutkoski, Esq.
June 1, 2005
Page 2

In view of Sensitech's unwillingness to amend its complaint to provide the very minimal information requested above, TNT will proceed with its planned motion to dismiss or in the alternative seek a more definite statement. TNT's motion is not an attempt to obtain "free discovery" as you allege, rather it is simply an attempt to obtain an understanding of the claims alleged and the factual basis for the same.

If you have any questions or comments, please feel free to contact me.

Very truly yours,

CISLO & THOMAS LLP

Daniel M. Cislo